UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY E. VAUGHN,

Petitioner,

v.

PATRICK GLEBE,

Respondent.

CASE NO. C15-5202 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 16), and Petitioner Anthony Vaughn's ("Vaughn") objections to the R&R (Dkts. 17, 19).

On June 22, 2015, Vaughn filed a habeas petition under 28 U.S.C. § 2254. Dkt. 6. Vaughn seeks relief from his state court conviction in April 2011. *Id.* On October 27, 2015, Judge Christel issued the R&R recommending the Court dismiss the petition as untimely. Dkt. 16 at 4. Judge Christel also recommended the Court decline to issue a certificate of appealability. *Id.* at 5. On November 12, 2015, Vaughn filed objections. Dkts. 17, 19.[1]

[1] Vaughn initially filed an incomplete copy of his objections. *See* Dkt. 17. The next day, Vaughn filed a complete copy of his objections. *See* Dkt. 19. Vaughn states he had mechanical problems uploading his objections. Dkt. 19-1. The Court accepts both filings.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Although Vaughn concedes his petition is untimely, he contends AEDPA's statute of limitations should be equitably tolled due to "extraordinary circumstances." Dkt. 19. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). As a result, "equitable tolling is unavailable in most cases." *Id.* (internal quotation marks omitted). Upon review, the Court agrees with Judge Christel's conclusion that equitable tolling is not warranted in this case. Nothing in Vaughn's petition or objections suggests there were extraordinary circumstances that made it impossible for him to timely file his federal habeas petition. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Miranda*, 292 F.3d at 1066–68. The Court also agrees that a certificate of appealability should not be issued because reasonable jurists could not conclude the petition was timely filed. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Therefore, the Court having considered the R&R, Vaughn's objections, and the remaining record, does hereby find and order as follows:

(1)   The R&R is **ADOPTED**;

(2)   This action is **DISMISSED**; and

(3)     The certificate of appealability is **DENIED**.

Dated this 14th day of December, 2015.

                                            BENJAMIN H. SETTLE
                                            United States District Judge